UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROSLYN DEVAUX-SPITZLEY,**

    **Plaintiff,**

    v.

**MICHAEL BROWN,** *et al.*,

    **Defendants.**

Case No. 2:22-cv-1959
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants Michael Brown and Togetherhealth Insurance, LLC's ("Defendants") Motion to Dismiss (ECF No. 10) and *pro se* Plaintiff Roslyn Devaux-Spitzley's Request for a Subpoena (ECF No. 13). For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES as moot** Plaintiff's Request for a Subpoena.

## I. BACKGROUND

This case arises from an alleged series of misrepresentations by Defendants that induced Plaintiff into purchasing a health insurance plan that failed to meet her particular medical needs. (*See generally* Compl., ECF No. 4.) Taken as true, Plaintiff's allegations, in relevant part, are as follows:

Plaintiff is a senior citizen affected with diabetes. (*Id.* at ¶ 1.) She has elevated glucose levels and without proper nutrition, Plaintiff struggles to keep these levels in check. (*Id.* at ¶¶ 1, 6.) While proper nutrition is critical to maintaining safe glucose levels, Plaintiff does not have the ability to eat healthy—Plaintiff has "no teeth and no bite areas," "causing [her] severe malnutrition." (*Id.*) Plaintiff cannot chew, her mouth is losing its ability to function, and she

struggles to speak correctly. (*Id.*) Flowing from Plaintiff's dietary issues are additional health problems: she now suffers from "gastroenterology problems," "diabetic retinopathy," and bleeding from the ear. (*Id.*)

Plaintiff's inability to maintain a healthy diet is a threat to her life, so she has sought treatment that would resolve her dental issues. (*Id.* at ¶¶ 1–2, 5.) But given her medical condition, her oral surgery must be conducted in an operating room so that her glucose levels can be properly monitored. (*Id.* at ¶¶ 3, 8.) As alleged, no Ohio oral surgeon has access to an operating room to perform the appropriate surgery. (*Id.* at ¶ 8.)

Aware of her need to go out of state for oral surgery, Plaintiff enlisted the help of Defendant Michael Brown, an agent of Defendant Together Health, to assist with her search for a PPO dental plan. (*Id.* at ¶ 1.) In December of 2021, following "numerous discussions about all of the plans, especially [Plaintiff's need for a PPO dental plan], Mr. Brown assured Plaintiff that Aetna would provide [her] with a PPO dental plan" that would allow Plaintiff to go out of state to receive her desired dental care. (*Id.*) Mr. Brown communicated with Aetna "multiple" times before enrolling with Aetna that her new policy would be a PPO plan that permitted out-of-network care without a referral. (*Id.* at ¶ 4.)

At some point in early January of 2022, after Plaintiff enrolled with Aetna and received her health insurance card, Plaintiff began looking for an oral surgeon that could perform her dental work. (*Id.* at ¶ 5.) She first contacted "U of Chicago Dental school" only to find out that they did not accept Aetna. (*Id.*) Plaintiff then called the "University of Penn" and was able to schedule an appointment with Dr. Wang. (*Id.*) The university indicated that Dr. Wang was in-network, though the university later called Plaintiff to clarify that Dr. Wang was outside of her network. (*Id.*) During

2

this call, Plaintiff also learned that her plan with Aetna was not a PPO policy but rather an EPO policy, which limited Plaintiff's ability to get out-of-state care. (*Id.* at ¶ 7.)

On January 27, 2022, Plaintiff filed her *pro se* Complaint in the Franklin County Municipal Court (ECF No. 1-1), which Defendants later removed to this Court under 28 U.S.C. § 1332 (Not. of Removal ¶ 8, ECF No. 1.) While Plaintiff does not articulate any specific claims in her Complaint, the alleged facts sound in fraud and possibly breach of contract and negligence. (*See* Compl. ¶ 11, ECF No. 4 ("I have been sold a bogus plan by [Michael] Brown and Together Health and both of these people did not know the facts of a policy they were selling and should lose their license to sell insurance Products.").)

On June 15, 2022, Defendants filed a motion to dismiss Plaintiff's Complaint in its entirety. (ECF No. 10.) On July 11, 2022, Plaintiff filed a subpoena requesting production from Defendants of all communications between the parties, as well as her insurance face sheet. (ECF No. 13.) And on July 25, 2022, Plaintiff filed her opposition to Defendants' motion to dismiss (ECF No. 15), to which Defendants replied (ECF No. 16). Defendants' motion is ripe for review.

## II. STANDARD OF REVIEW

"Pro se complaints," as is the case here, "are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotations omitted). But this liberal standard has its limit—that is, a plaintiff proceeding *pro se* still must satisfy the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive

3

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying plausibility standard articulated in *Twombly*). Further, "[a]lthough for purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly,* 550 U.S. at 555) (internal quotations omitted).

### III. DISCUSSION

Plaintiff's Complaint fails to allege any specific claims against Defendants. (*See* Compl., ECF No. 4.) However, Defendants construe Plaintiff's Complaint as asserting claims of (1) breach of contract, (2) negligence, and (3) fraud. (Mot. to Dismiss at 5–9, ECF No. 10; Reply at 6–7, ECF No. 16.) The Court agrees with Defendants' construction of Plaintiff's claims and will address each claim in turn.

**A. Plaintiff's Claim for Breach of Contract Fails as a Matter of Law**

The Court liberally construes paragraphs 1 and 11 of the Complaint as alleging a claim for breach of contract:

> 1. After looking for the right insurance through Together Health with agent Michael Brown and numerous discussions about all of the plans, especially MY NEED FOR A PPO Dental plan Mr. Brown assured me that Aetna would provide me with a PPO Dental plan and I could go out of state to a Hospital Dental where I could get proper plan to resolve my Dental issues.
>
> [. . .]

4

> 11. I have been sold a bogus plan by James Brown and Together Health and both of these people did not know the facts of a policy they were selling and should lose their license to sell insurance Products.

(Compl. ¶¶ 1, 11, ECF No. 4.)

To establish a claim for breach of contract, Plaintiff must show: "(1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff." *Tilahun v. Philip Morris Tobacco Co.*, No. C2 04 1078, 2005 U.S. Dist. LEXIS 41361, at *8 (S.D. Ohio Oct. 28, 2005) (citing *Oglebay Norton Co. v. Armco, Inc.*, 556 N.E.2d 515 (Ohio 1990)).

Here, Defendants argue that Plaintiff's Complaint fails to state a claim for breach of contract. Specifically, Defendants assert that Plaintiff fails to satisfy the first element—that is, Plaintiff's Complaint fails to demonstrate the existence of a contract between Plaintiff and the Defendants. (Mot. to Dismiss at 5, ECF No. 10.) The Court agrees.

Defendants direct the Court's attention to Plaintiff's health insurance policy, which Defendants included with their moving papers.[1] A review of the relevant insurance policy, which is the only contract Plaintiff discusses in her Complaint, indicates that Plaintiff entered into a contract for health insurance with Aetna—*not* Defendants. Indeed, Plaintiff's policy expressly states that it was issued by Aetna:

> This plan, Aetna Medicare Assure 1 (HMO D-SNP), is offered by AETNA HEALTH OF OHIO INC. (When this Evidence of Coverage says "we," "us," or "our," it means AETNA HEALTH OF OHIO INC. When it says "plan" or "our plan," it means Aetna Medicare Assure 1 (HMO D-SNP).)

---

[1] The Court may properly consider Plaintiff's insurance policy, which Defendants attached to their Motion to Dismiss as "Exhibit 1." *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993) ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). Here, Plaintiff references her insurance policy throughout her Complaint, and the policy is central to her claims.

(Ex. 1 to Mot. to Dismiss at 1, ECF No. 10-1.) Given this policy language, coupled with the absence of any language indicating that Defendants are parties to the policy, Plaintiff's Complaint fails to allege the existence of a contract with the Defendants, and therefore fails to state a claim for breach of contract. *See Watson v. Citi Corp.*, No. 2:07-cv-0777, 2008 U.S. Dist. LEXIS 15740, at *6 (S.D. Ohio Feb. 15, 2008) ("Where there is no contract, there is no liability for breach of contract."). Accordingly, the Court dismisses Plaintiff's claim for breach of contract (assuming she intended to state such a claim).

### B. Plaintiff's Negligence Claim Fails as a Matter of Law

Paragraph 11 of Plaintiff's Complaint, when construed liberally, suggests an attempt to bring a negligence claim against Defendants:

> 11. I have been sold a bogus plan by James Brown and Together Health and both of these people did not know the facts of a policy they were selling and should lose their license to sell insurance Products.

(Compl. ¶ 11, ECF No. 4.) In other words, Plaintiff alleges that Defendants negligently sold her an insurance policy without knowing the policy's scope of coverage. But this claim, like Plaintiff's breach of contract claim, also falls short.

To plead a negligence claim, Plaintiff "must show the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach." *Pierre Invs., Inc. v. Fifth Third Bancorp*, No. 1:22-cv-155, 2022 U.S. Dist. LEXIS 186170, at *14-15 (S.D. Ohio Oct. 11, 2022) (quoting *Rieger v. Giant Eagle, Inc.*, 138 N.E.3d 1121, 1125 (Ohio 2019)). Here, Plaintiff's Complaint fails to allege any duty owed to Plaintiff that Defendants breached. Absent these allegations, Plaintiff's negligence claim fails. *See id.* (dismissing negligence claim where plaintiff failed to allege that defendant owed plaintiff a duty). As such, the Court dismisses Plaintiff's negligence claim against the Defendants (assuming Plaintiff intended to assert this claim).

### C. Plaintiff's Fraud Claim Fails as a Matter of Law

A generous reading of Plaintiff's Complaint suggests that Plaintiff is alleging a fraud claim against Defendants, which requires her to plead: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Gaines v. Preterm-Cleveland, Inc.*, 514 N.E.2d 709, 712 (Ohio 1987). Plaintiff must also meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Harris v. Ocwen Loan Servicing*, No. 21-5025, 2022 U.S. App. LEXIS 3393, at *7 (6th Cir. Feb. 7, 2022). Under Rule 9(b), Plaintiff must "state with particularity the circumstances constituting fraud." "To sufficiently plead fraud with particularity, the plaintiff 'must (1) specify the time, place, and content of the alleged misrepresentation, (2) identify the fraudulent scheme and the fraudulent intent of the defendant, and (3) describe the injury resulting from the fraud.'" *Id.* at *7–8 (quoting *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 751 (6th Cir. 2014)).

Defendants argue—and the Court agrees—that Plaintiff's Complaint fails to sufficiently plead fraud with particularity. The relevant allegations from Plaintiff's Complaint are as follows:

1. In Dec 2021 as a senior citizen I am entitled to insurance through Medicare. I also have Medicaid. After looking for the right insurance through Together Health with agent Michael Brown and numerous discussions about all of the plans, especially MY NEED FOR A PPO Dental plan Mr. Brown assured me that Aetna would provide me with a PPO Dental plan and I could go out of state to a Hospital Dental where I could get proper plan to resolve my Dental issues.

[. . .]

4. [Michael] Brown called Aetna multiple times prior to my accepting this policy and assured Aetna Dental policy was a PPO policy and I could go out of network if necessary and needed no referral.

[. . .]

7. I was told my policy was a PPO policy by both [Michael] Brown but no one including Aetna told me my policy was not a PPO policy or other restrictions until U of Penn told me it was not a PPO policy but an EPO policy which apparently [is] a policy that does not allow you to go out of state.

[. . .]

11. I have been sold a bogus plan by [Michael] Brown and Together Health and both of these people did not know the facts of a policy they were selling and should lose their license to sell insurance products.

[. . .]

14. Together Health also needs to be fined for their policies that they sell and be punished by the courts for the maximum under the court's jurisdiction of not less than $15,000.

(Compl. ¶¶ 1, 4, 7, 11, 14, ECF No. 4.)

Reading the above allegations together, Plaintiff's Complaint alleges the following: In December of 2021, Michael Brown, an agent of Together Health, had numerous conversations with Plaintiff regarding her interest in enrolling in a PPO dental plan. During these conversations, Plaintiff explained to Michael Brown that she needed a PPO dental plan that would allow her to go out of network for dental care without needing a referral. Michael Brown, in turn, conveyed to Plaintiff that she could enroll in such a plan with Aetna, and so, relying on Michael Brown's assurances, she attempted to do so. The plan she purchased from Defendants, however, was an EPO plan that did not permit Plaintiff to receive treatment outside of Ohio.

While Plaintiff's allegations, taken as true, tell an unfortunate tale, they are nonetheless inadequate to satisfy Rule 9(b)'s heightened pleading requirements. Plaintiff's Complaint specifies the "time" (December 2021) and "content of the alleged misrepresentation," (that Plaintiff's Aetna

8

plan met her needs) but says nothing about the "place" where Defendants made the alleged misrepresentations. *See Harris*, 2022 U.S. App. LEXIS 3393, at *7–8; *compare Roof Maxx Techs., LLC v. Rourk*, No. 2:20-cv-03151, 2021 U.S. Dist. LEXIS 153487, at *11 (S.D. Ohio Aug. 16, 2021) (finding that Defendant's counterclaim sufficiently alleged place where the counterclaim stated that the misrepresentations were made orally, in written marketing materials, and on the Internet) *with Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 515 (S.D. Ohio 2012) (dismissing fraud claim where plaintiff's complaint contained "no detail as to the specifics of . . . where the fraudulent statement was made"). Additionally, Plaintiff's Complaint fails to allege that Defendants' misrepresentations were part of a "fraudulent scheme" or that Defendants had "fraudulent intent." *See Harris*, 2022 U.S. App. LEXIS 3393, at *8. And finally, Plaintiff's Complaint is silent as to the "injury resulting from the fraud." *Id.* The only mention of any injury arising from Plaintiff's allegations lies in paragraph 13, which states that "*Aetna* must pay the full damages for what I have been forced to endure . . . ." (Compl. ¶ 13, ECF No. 4 (emphasis added).) As for Defendants, Plaintiff does not request *any* relief from Michael Brown and seeks only punitive damages against Together Health. (*See id.* at ¶ 14.) Simply put, the Complaint fails to allege that Plaintiff suffered an injury as a result of Defendants' misrepresentations.

In sum, given the Complaint's failure to (1) state where the alleged misrepresentations took place, (2) identify the fraudulent scheme and Defendants' fraudulent intent, and (3) describe the injury Plaintiff suffered due to Defendants' alleged fraud, the Court finds that Plaintiff's Complaint fails to state a fraud claim with the degree of particularity required under Rule 9(b). This is so even under the liberal standards governing *pro se* pleadings. *See Wells*, 891 F.2d at 594 (citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983) ("duty to be less stringent with *pro se* complaint does not require the court to conjure up unpleaded allegations . . . .")). The Court, therefore, dismisses

Plaintiff's claim of fraud against Defendants (assuming, once again, that Plaintiff's Complaint alleges such a claim).

### D. Plaintiff's Subpoena Request

Given that Plaintiff's Complaint fails to plausibly state a claim against Defendants, the Court accordingly denies as moot Plaintiff's subpoena request.

### IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 10) and **DENIES as moot** Plaintiff's Request for Subpoena (ECF No. 13). Plaintiff's purported claims against Defendant are **DISMISSED without prejudice**. *See Ruckman v. Jenkins*, No. 2:13-cv-814, 2014 U.S. Dist. LEXIS 121257, at *16 (S.D. Ohio Aug. 28, 2014) (where deficiencies in *pro se* complaint could conceivably be remedied, dismissal without prejudice is appropriate). Any other pending motions are **DENIED as moot**.

The Clerk is **DIRECTED** to enter judgment in this action and close this case.

**IT IS SO ORDERED.**

**3/2/2023**　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**